FILED

11/19/2020

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 15, 2020

## STATE OF TENNESSEE v. ANTHONY DEWIGHT WASHINGTON

**Appeal from the Criminal Court for Davidson County
No. 2010-C-1906    Cheryl A. Blackburn, Judge**

_____

### No. M2020-00268-CCA-R3-CD
_____

Defendant, Anthony Dewight Washington, appeals as of right from the trial court's summary dismissal of his Tennessee Rule of Criminal Procedure 36 motion to correct a clerical error in the judgment of his conviction for the offense of possession, in a  drug-free zone, of 0.5 gram or more of cocaine for sale.  After review of the appellate record and the briefs filed by the parties, we affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Anthony Dewight Washington, *Pro Se*, Hartsville, Tennessee.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Glenn R. Funk, District Attorney General; and Megan King, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

As pertinent to this appeal, Defendant was indicted for the May 14, 2010 offense of possession "with intent to sell or deliver 0.5 gram or more of a substance containing cocaine" in a drug-free zone, a Class B felony.  A jury convicted Defendant as charged, and he was sentenced to serve thirty years as a persistent Range III offender.  The judgment of the trial court was affirmed on appeal.  *State v. Anthony Dewight Washington*, No. M2011-02678-CCA-R3-CD, 2012 WL 6115589 (Tenn. Crim. App. Dec. 10, 2012).

Defendant argues that the clerical error is that the judgment states that both the offense for which he was charged and the offense for which he was convicted was possession of more than 0.5 gram of cocaine for sale in a drug-free zone. In Defendant's motion, he asserts that he was actually found guilty by the jury of two offenses charged in one count: both (1) possession with intent to sell 0.5 gram or more of cocaine in a drug-free zone, and (2) possession with intent to deliver 0.5 gram or more of cocaine in a drug-free zone. Defendant argues in his motion that there should be "two separate uniform judgment documents to reflect the juries [sic] verdict of guilty as charged which is 'sale or delivery' in this particular case to reflect the juries [sic] true verdict." Defendant states in his motion that he wants the erroneous judgment corrected so that he can "challenge the juries [sic] true verdict in any collateral proceeding."

The State argues that Defendant was not convicted of two offenses, but was indicted for, and convicted of, only one offense: possession of 0.5 gram of cocaine, with the intent to either sale or deliver the cocaine (as opposed to possession of the cocaine for personal use), and committed the offense within a drug-free zone. The State relies upon *Justice v. State*, No. M2012-00183-CCA-R3-PC, 2013 WL 1965999 (Tenn. Crim. App. May 13, 2013), *perm. app. denied* (Tenn. Oct. 16, 2013). In *Justice*, a panel of this court held that in an indictment charging the same language as in Defendant's indictment,

> the Petitioner was charged with possession with the intent to sell or deliver, an offense in its own subpart. [citations omitted] The indictment charged the Petitioner with the crime of possession, not with the separate crimes of delivery and sale, and listed two different intents.

*Id*. at \*10.

The offense of possession of a controlled substance with intent to sell or deliver can be committed with either of these listed intents, and if evidence of one of the two intents is proven beyond a reasonable doubt, "the jury can convict although uncertain of which intent existed." *Id.*

## CONCLUSION

Defendant's assertion that there is a clerical error in the judgment of conviction is without merit. Accordingly, the judgment of the trial court summarily denying the motion is affirmed. As this opinion will have no precedential value, and it is an appeal from a judgment rendered by the trial court without a jury, it was not a determination of guilt, and the record does not preponderate against the trial court's ruling, and there is no

error of law which requires reversal of the trial court's judgment, we affirm pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
THOMAS T. WOODALL, JUDGE